FILED
SUPERIOR COURT
OF GUAM

2026 JUL 27 PM 4:48

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JP CAPITAL GUAM, LLC and CHING-JU WU, | ) CIVIL CASE NO. CV0188-25 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) ORDER BY DISCOVERY MASTER |
| | ) |
| CHIEH-YU PAI, SCOTT A. CLARK and LGI PACIFIC GUAM, INC., | ) |
| | ) |
| Defendants. | ) |

This matter came before MAGISTRATE JUDGE SEAN E. BROWN on June 19, 2026. Attorney Braddock Huesman appeared on behalf of the Plaintiffs. Attorney Jacob Wagner appeared on behalf of Defendant Scott Clark. Attorney Daniel Berman appeared on behalf of Attorney Jacques Bronze. Attorney Jon Visosky appeared on behalf of Lakeshore Guam, LLC ("Lakeshore"). Attorney Peter Perez appeared on behalf of Defendant Chieh-Yu Pai. Attorney Ed Han appeared on behalf of Defendant LGI Pacific Guam, Inc. No attorney or representative appeared on behalf of Robert Wu, Chi-Shueng We, or Gold Bear Investment Co. Ltd.. The Court addressed two Motions filed by Lakeshore. Plaintiff opposed both motions. Having heard the arguments for the Motions, considering the pleadings, evidence and record, the Court now issues the following written Order.

### DISCUSSION

Lakeshore filed two motions based on discovery disputes relating to Attorney Bronze's representation of various clients. Plaintiffs served a Subpoena Duces Tecum on Attorney Bronze on November 4, 2025, which is the subpoena at issue now (hereinafter referred to as the "Subpoena Duces Tecum"). The Subpoena Duces Tecum requested "[t]he **entire** file maintained

by your office for **all** matters related to Lakeshore Guam, LLC". Lakeshore's Mot. to Quash, Ex. 1. The Subpoena Duces Tecum also requested "[c]orrespondence, whether digital or physical, between you and your office and **any** individual concerning Lakeshore". *Id.* The subpoena made similar requests for documents and correspondence relating to JP Capital, Chi-Shueng We, Robert Wu, LGI Pacific Guam, Inc., and Gold Bear Investment Co. Ltd.. Attorney Bronze provided 392 documents in response to the Subpoena Duces Tecum. Plaintiffs also requested to depose Attorney Bronze which resulted in a further dispute. Lakeshore filed its Motion to Quash on February 6, 2026. Lakeshore filed its Amended Motion for Protective Order on April 24, 2026. Plaintiffs opposed both Motions in writing.

Attorney Bronze joined in the Motion to Quash in writing. Defendant Chieh-Yu Pai joined in the Motion to Quash and Motion for Protective Order in writing. LGI Pacific Guam, Inc. joined in the Motion to Quash orally at the June 19, 2026 hearing.

## I.   **Lakeshore Has Standing**

In opposition to Lakeshore's Motion for Protective Order, Plaintiff objected to Lakeshore's standing to seek an order from the Court preventing the deposition of Attorney Bronze. Plaintiffs argued that Lakeshore is not a named Party in this matter and not the person from whom discovery is sought. Pl. Opp. at 2-3. At the hearing for this matter, the Court inquired of Plaintiffs' Counsel whether the fact that the Subpoena Duces Tecum requested files relating to Attorney Bronze's representation of Lakeshore impacts standing. Counsel for Plaintiff agreed, for the most part, that Lakeshore did have standing to attend the deposition in order to object to questions by asserting privilege where appropriate. The Parties indicated that questions of Attorney Bronze were likely going to be directed to matters impacting Lakeshore and its privileged communications. At the June 19, 2026 hearing, Plaintiffs' Counsel agreed that Lakeshore's current attorney could be present at a deposition of Attorney Bronze.

GRCP Rule 26(c) does list who can move for a discovery related protective order but it does not bar persons interested in protecting privileged communications. If Plaintiffs were aiming to depose Attorney Bronze without Lakeshore's current counsel present, Lakeshore has an interest in protecting its privileged communications and properly moved for a protective order.

That interest in protecting privileged communications would also support allowing Lakeshore to move to quash the Subpoena Duces Tecum. Based on the concession of Plaintiffs' Counsel and the impact the anticipated discovery would have on Lakeshore, the Court finds that Lakeshore has standing to move this Court to quash the Subpoena Duces Tecum and to move for related protective orders.

## II. The Subpoena Duces Tecum issued to Attorney Bronze is Overbroad

Lakeshore argues that the Subpoena Duces Tecum is overbroad. In response, Plaintiffs argue that Fifth Circuit case law provides a basis for the disclosure of the complete casefile when the entire representation was used in furtherance of a fraud. *In re Grand Jury Subpoena*, 419 F.3d 329, 343 n.12 (5th Cir. 2005). Even if this Court was persuaded to apply the rationale in the Fifth Circuit case, the Plaintiffs have not met their burden to show that the representation was entirely in furtherance of a fraud. Furthermore, Plaintiffs cannot rely on mere allegations of fraud to gain access to privileged communications. The United States Supreme Court determined in *Clark v. United States* that when a party seeks access to privileged communications under the fraud exception, there must be "prima facie evidence that it has some foundation in fact". *Clark v. United States*, 289 U.S. 1, 15-16 (1933). The above cases place the burden on the party seeking privileged communications to show evidence of fraud. Here, Plaintiffs have not shown evidence of fraud sufficient to convince the Court that the Subpoena Duces Tecum, requesting the entire file, is proper.

The Court reviewed the Subpoena Duces Tecum and finds that it is greatly overbroad, specially in light of the desire for unlimited production of privileged information. As a result, the Court will grant Lakeshore's Motion to Quash on this basis. Lakeshore also argued that the Subpoena Duces Tecum sought irrelevant documents. The Court finds that the Subpoena Duces Tecum is so broad that production would invariably include irrelevant documents. GRCP Rule 45(c)(3)(a) requires that this Court quash the Subpoena. The Court does not intend to tell Plaintiffs what version of a subpoena duces tecum would be proper, but the Court will not force compliance to such an overgeneralized subpoena as currently drafted.

The Court hereby quashes the Subpoena Duces Tecum in its entirety and does not find that any limited compliance is required aside from what was already provided. If a new subpoena duces tecum is issued, the Court orders that it be more specific. If a fresh dispute arises and where appropriate, the Plaintiffs could then ask for *in camera* review.[1] The Court notes that an effort must be made with the interested entities to meet and confer on discovery disputes prior to coming back to Court. Plaintiffs cannot ask for unlimited access to potentially privileged communications and deny a request to confer on production from entities impacted by production. The Court further notes that had the Subpoena Duces Tecum been more specific or an effort was made to limit the discovery request via a meeting to address the disputes, the Court would likely have conducted an *in camera* review. The Subpoena Duces Tecum is improper in its entirety and is hereby quashed as it applies to all entities named therein.

### III.    Lakeshore's Request for A Protective Order is Valid

Lakeshore moved the Court to limit discovery pending the Court's determination on Lakeshore's Motion to Quash. The Court, with the Parties' consent addressed both matters in the same hearing. Lakeshore relies on GRCP Rule 26(c)(1), (2) and (4) to support its argument for the Court's intervention. The Court does acknowledge that there is a meet and confer requirement in GRCP Rule 26(c). Yet, Lakeshore submitted an email chain marked as Exhibit 1 in its Amended Motion for Protective Order that appears to show Lakershore's effort to meet and confer along with a rejection from Plaintiffs' Counsel making the meet and confer improbable. As a result, the Court finds that the meet and confer requirement will not bar Lakeshore's request in this matter.

It is clear that Plaintiffs aimed at discovering similar information in the deposition of Attorney Bronze as what was requested in the Subpoena Duces Tecum. GRCP Rule 26(c) protects litigants from improper discovery requests and based on the Court's ruling that the Subpoena Duces Tecum was vastly overbroad, the Court finds a deposition of Attorney Bronze

---

[1] Plaintiffs' indicated a preference for *in camera* review for the first time at the hearing on June 19, 2026 and did not request for such in its written filings.

without Lakeshore's Counsel would also be improper. This ruling applies to all Defendants or entities where Plaintiffs sought the entire case file or all communications from Attorney Bronze.

However, the Court must be clear, that it is not foreclosing a future deposition of Attorney Bronze where appropriate questions may be asked that do not require the disclosure of privileged information. GRCP Rule 26(c)(4) gives the Court latitude in limiting the scope of disclosure. Here, no deposition questions should be made on communications involving the attorney-client privilege unless it applies to specific and well-defined claims of fraud as proven by some additional evidence. Deposition questions can still address the actions of the witnesses as actions are not protected communications. If the Parties are unable to resolve their issues, they are free to return to Court where appropriate. The Court understands that allegations of fraud are at the heart of this case, yet, the Plaintiffs have not convinced the Court that unlimited questioning of Attorney Bronze is appropriate. All entities shall be included in the scheduling of future depositions of Attorney Bronze where questions may address, in any way, privileged communications of a represented entity.

## CONCLUSION

The Court finds that Lakeshore properly opposed the Subpoena Duces Tecum. The Court GRANTS the Motion to Quash. The Court also GRANTS the Motion for Protective Order while not barring future depositions or subpoenas directed to Attorney Bronze. The Parties must continue to comply with the Guam Rules of Civil Procedure relating to discovery. In the event, a deposition of Attorney Bronze does occur, Lakeshore's counsel and Attorney Bronze's counsel shall be notified. During that deposition, privileged information can be objected to where appropriate. The Court, having decided the issues before it, will return the case to the assigned Superior Court Judge.

SERVICE VIA E-MAIL **SO ORDERED** this 27th day of July, 2026.

I acknowledge that an electronic copy of the original was e-mailed to:

/Bosky Younga

P. Perez

Date 7/27/24 Time: 452

R. Durata Z

**SERVICE VIA E-MAIL**

I acknowledge that an electronic copy of the original was e-mailed to:

G. Han, Toronto

Razzano walsh + Torres

Date 7/27/24 Time: 452

_____
HONORABLE SEAN E. BROWN
MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM

JP Capital Guam LLC. and Ching-Ju Wu v. Chieh-Yu Pai, Scott A. Clark and LGI Pacific Guam, Inc.,
Order by Discovery Master
Civil Case No. CV0188-25
Deputy Clerk, Superior Court of Guam
Deputy Clerk, Superior Court of Guam
- Page 5 of 5 -